UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20616-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

FRANCISCO SOTELO,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause.  Pursuant to such reference, the Court has conducted a change of plea hearing on October 22, 2010, which was attended by the defendant Francisco Sotelo, his attorney Hugo Rodriguez, Esquire, and Assistant United States Attorney Andrea G. Hoffman.  The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case.  The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel.  The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and

rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to Count 1 of the Indictment to which he was tendering a guilty plea. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid at the time of sentencing.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to Count 1 charging that "Beginning in or about June 2007, the exact date being unknown to the Grand Jury, and continuing through on or about October 2, 2007, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant (and other named co-conspirators) did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons both known and unknown to the Grand Jury, to import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963." The

controlled substance involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

7. The defendant was advised that Count 1, to which he was pleading guilty, carried a mandatory minimum of ten (10) years imprisonment and that the Court could impose a maximum sentence of up to life imprisonment. In addition thereto, the Court could impose a monetary fine of up to Four Million Dollars ($4,000,000) as authorized by statute. Further, the defendant, upon completion of his term of imprisonment, would be subjected to a term of supervised release for a period of up to life. The defendant acknowledged that he understood the mandatory and maximum sentences and fines that could be imposed pursuant to the applicable statutes. The defendant is also subject to a forfeiture claim as set forth in the Indictment.

8. The government filed a factual basis, made part of the record and executed by the government, the defendant and his counsel, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

9. The defendant was, upon recommendation of the government, permitted to remain at liberty under the bond and conditions previously imposed. **Sentencing is scheduled for Thursday, January 20, 2011, at 1:30 P.M. before U.S. District Judge Donald M. Middlebrooks, in his Courtroom on the 11th floor in the James Lawrence King Federal Justice Building in Miami.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea as to Count 1of the Indictment, that his guilty plea be accepted, that he be adjudicated guilty

of such offense, and that a sentencing hearing as scheduled be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 22nd day of October, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE